IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 6:96-710-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Herbert Wakefield, III, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Herbert Wakefield, III's ("Wakefield") motion for return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. For the reasons below, the court dismisses Wakefield's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Wakefield is currently incarcerated at the McCreary United States Penitentiary in Pine Knot, Kentucky. On August 27, 1996, Wakefield was charged with two counts of possession of a firearm after having been convicted of a felony ("Counts 1 and 2"), one count of using and carrying a firearm during and in relation to a drug trafficking crime ("Count 3"), and one count of possession with intent to distribute cocaine ("Count 4"). On July 1, 1997, Wakefield pled guilty to Counts 3 and 4. On October 22, 1997, this court sentenced Wakefield to 151 months' imprisonment as to Count 4 and 60 months' imprisonment as to Count 3, such terms to run consecutively. In addition, the court specified that Wakefield's federal sentences were to run consecutively to an August 1996 state sentence.

Wakefield appealed his sentence. On June 5, 1998, the United States Court of Appeals for the Fourth Circuit affirmed Wakefield's sentence. United States v. Wakefield,

1

No. 97-4877, 1998 WL 372808, at *1 (4th Cir. June 5, 1998) (unpublished).  On February 11, 2004, the court entered an amended judgment to correct a clerical error in the original sentence.

On June 20, 2005, Wakefield filed the instant motion for return of property pursuant to Rule 41(g).  The court denied Wakefield's motion by oral order on June 27, 2005.  Wakefield appealed the court's decision, and on October 31, 2006, the United States Court of Appeals for the Fourth Circuit vacated the denial of Wakefield's motion on the grounds that the record was too sparse to determine whether the court had appropriately exercised its discretion and remanded the case for further consideration.

On January 16, 2007, the court ordered the Government to respond to Wakefield's motion.  In reponse, the Government moved to dismiss Wakefield's motion on March 14, 2007.  The court entered a Roseboro order on April 3, 2007, notifying Wakefield of the Government's motion to dismiss.  On May 10, 2007, Wakefield filed a response to the Government's motion to dismiss.

## II. DISCUSSION OF THE LAW

### A.  Rule 41(g)

Pursuant to Rule 41(g), "[a] person aggrieved . . . by the deprivation of property may move for the property's return."  Fed. R. Crim. Proc. 41(g).  Wakefield moves for the return of $1,300 that officers with the Greenville County Sheriff's Department ("GCSD") found in Wakefield's possession during his arrest.  Wakefield alleges that the $1300 was seized by the GCSD and the South Carolina Law Enforcement Division ("SLED") "without due process of law" because the agencies did not serve Wakefield with a forfeiture notification and because

the "$1,300.00 did not constitute evidence of criminal conduct." (Wakefield's Mot. Return Property 3.)

### B. Statute of Limitations

First, the Government moves to dismiss Wakefield's motion because it is barred by the statute of limitations. "A postconviction motion for return of property seized as part of a criminal investigation brought under [Rule 41(g)][1] is an equitable civil action." United States v. Dudley, Nos. 97-7676, 97-7857, 1998 WL 276463, at *1 (4th Cir. May 27, 1998). "Such an action is subject to the general six-year statute of limitations for suits brought against the United States." Id. (citing 28 U.S.C. § 2401(a)). Wakefield's cause of action accrued on May 6, 1996, the date his property was seized. See id. Therefore, Wakefield filed the instant motion for return of property outside of the six-year limitation imposed by 28 U.S.C. § 2401(a).[2]

Wakefield argues that equitable tolling should apply because he has "made reasonable due diligence since January 01, 2003 to Law Enforcements - Agency." (Wakefield's Resp. Opp'n Gov't's Mot. Dismiss 2.) Wakefield's due diligence consisted of "sending letters to these agency's [the GCSD and SLED] every Month, asking these department do they have my property." (Id.) Although the Fourth Circuit has not addressed whether § 1404(a) is

---

[1] The Dudley court cites Rule 41(e) of the Federal Rules of Criminal Procedure. As of December 1, 2002, Rule 41(g) represents the current, amended version of former Rule 41(e).

[2] Other circuits have held that a cause of action pursuant to Rule 41(g) accrues at the conclusion of the government's criminal proceedings against the defendant when the government has not instituted forfeiture proceedings. United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1213 (10th Cir. 2001). However, Wakefield's claim is also barred by the statute of limitations pursuant to this standard.

3

jurisdictional and thus not subject to equitable tolling, the court finds that Wakefield presents no facts to support the application of equitable tolling to his claim. There is no evidence that anything prevented Wakefield from filing his Rule 41(g) claim within the six-year time period pursuant to 28 U.S.C. § 1404(a).

In addition, Wakefield contends that his claim should not be dismissed because he was not aware of the statute of limitations. However, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999). Based on the foregoing, the court finds that Wakefield's claim is time-barred pursuant to 28 U.S.C. § 1404(a).

### C.  Jurisdiction

Second, the Government moves to dismiss Wakefield's motion on the grounds that the United States is not in possession of the $1300. (Gov't's Mot. Dismiss 4.) Although Wakefield alleges that state officers seized the money illegally, it "was handed over to federal authorities as well for federal prosecution." (Wakefield's Mot. Return Property 3.)

> Rule 41(g) can be used to force the federal government to return items seized by state officials when the United States actually possesses the property or constructively possesses the property by: (1) using the property as evidence in the federal prosecution; or (2) where the federal government directed state officials to seize the property in the first place.

United States v. Copeman, 458 F.3d 1070, 1072 (10th Cir. 2006) (internal quotation marks omitted). Despite Wakefield's claim, there is no evidence in the record that the United States ever had actual or constructive possession of the $1300 seized by state officials. A state's decision to defer prosecution to the United States does not by itself confer constructive possession of all property seized during the state investigation. Id. Further, there is

4

no evidence that the United States sought to use the $1300 as evidence in Wakefield's federal case. Therefore, even if Wakefield's claim was timely, his claim fails because the United States does not have possession of the $1300. Based on the foregoing, the Government's motion to dismiss Wakefield's motion for return of property is granted.

Therefore, it is

**ORDERED** that the Government's motion to dismiss Wakefield's motion for return of property, docket number 36, is granted. It is further

**ORDERED** that Wakefield's motion for return of property, docket number 19, is dismissed.

**IT IS SO ORDERED.**

                                        s/Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
May 15, 2007

## NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.